UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WAYNE MILLER, SR.,

    Petitioner,

v.

THOMAS WINN,

    Respondent.

_____/

Case No. 1:16-cv-1328

HON. JANET T. NEFF

# OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time barred. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner argues that the Magistrate Judge erred in determining that his petition is time barred by the statute of limitations because he is entitled to equitable tolling (Pet'r Obj., ECF No. 6 at PageID.59; R&R, ECF No. 5 at PageID.49). As properly stated by the Magistrate Judge, Petitioner's one-year limitations period began running upon the expiration of his time for seeking

appellate review in the state courts, under 28 U.S.C. § 2244(d)(1)(A)[1] (ECF No. 5 at PageID.53). The Magistrate Judge properly applied case law in concluding that Petitioner's claim of entitlement to equitable tolling does not revive the statute of limitations for Petitioner's habeas corpus petition. This objection is denied.

Additionally, Petitioner argues that the Magistrate Judge erred in determining that his petition is time barred by the statute of limitations, because he claims actual innocence (Pet'r Obj., ECF No. 6 at PageID.60; R&R, ECF No. 5 at PageID.49). Petitioner presents no new evidence to the Court in support of his claim of actual innocence. Instead, Petitioner bases his claim upon repetition of his argument of improper conviction based on his guilty plea to an alternative charge. This argument has been considered by the trial court, the Court of Appeals, and the Michigan Supreme Court and denied by all three (ECF No. 5 at PageID.50). The Supreme Court, in *Schlup v. Delo*, 513 U.S. 298 (1995), set out a very high standard for a showing of actual innocence. Petitioner has failed to meet that standard by offering no new, reliable evidence. Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. This objection is denied.

The Magistrate Judge properly concluded that Petitioner's claim is barred by the statute of limitations.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or

---

[1] It appears that there is a typographical error in the Report and Recommendation, as Petitioner had one year from September 15, 2011 (not September 10, 2010) to file his habeas application, and this one-year period expired in 2012 (not 2011) (*see* ECF No. 5 at PageID.53). However, this error does not alter the reasoning or conclusion, as Petitioner's application still falls outside the permissible timeframe.

deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 6) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 5) is APPROVED and ADOPTED as the Opinion of the Court, except as noted herein.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: October 11, 2017　　　　　　　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge